OYLER *v.* FENNER.

SPECIFIC PERFORMANCE—ORAL CONTRACTS—PARTIAL PERFORMANCE—
STATUTE OF FRAUDS.

> Specific performance of oral contract to purchase land on condition that vendees improve property and pay taxes was properly decreed by court below, where vendees had partially performed by making improvements and paying taxes.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 22, 1931. (Docket No. 112, Calendar No. 35,406.) Decided February 27, 1931.

Bill by Charles L. Oyler and another against Catherine Fenner for specific performance of an oral land contract. Decree for plaintiffs. Defendant appeals. Affirmed.

*Cross, Foote & Sessions* and *Myrten W. Davie,* for plaintiff.

*John A. McLaughlin* and *Alexis J. Rogoski,* for defendant.

SHARPE, J. In this case the trial court filed the following opinion:

"The bill in this cause was filed to enforce an alleged oral agreement relating to land, partially performed. The plaintiffs were husband and wife, but are now divorced. Mrs. Oyler is a daughter of the defendant. The plaintiffs claim that in 1907 the defendant entered into a verbal contract with them for the sale of the property involved in the case and described in the bill of complaint, for $1,800, to be paid $100 in cash at the time the contract was to be signed and $100 each year thereafter without interest, on condition that plaintiffs should improve the property and pay the taxes thereof. The defendant denies this claimed arrangement and in her behalf it is contended that if a contract is established in the opinion of the court, it should be with the condition that the plaintiffs pay the amount of the same with interest payable annually from time contract was made.

"I have carefully gone over the arguments of counsel and considered the testimony given upon the hearing, and I am convinced that the oral contract was entered into as claimed by the plaintiffs. I am also convinced that plaintiffs have partially performed the contract; that they have made improvements upon the property, and have paid taxes from time to time upon the property, although not

directly to the tax collector, but most of the time through Mrs. Fenner. Plaintiffs produced one receipt given by the defendant, Mrs. Fenner, to Charles Oyler on April 18, 1924, for the sum of $40, stated to be taxes for 1923. If the parties were not related it might be considered improbable that Mrs. Fenner should agree to sell the property without interest, but, considering the testimony that she stated her other children had not paid interest on moneys advanced to them, it throws a different light upon the situation. The property is now worth, according to disinterested and reliable witnesses, from $1,500 to $1,800, although there has been considerable activity in the vicinity of this land on account of the oil development there.

"I am of the opinion that the plaintiffs are entitled to a decree enforcing the oral contract, inasmuch as I hold it has already been partially performed by them. The decree to be on the condition that the plaintiffs pay to the clerk of this court within 30 days from the filing of the decree the sum of $1,500 with legal interest from the date of the decree. The decree also to provide that defendant shall execute to plaintiffs a warranty deed of the premises, subject to taxes and the acts of plaintiffs and that in default of the execution of such deed that the decree stand in lieu thereof with permission to record the same in the register of deeds' office. The plaintiffs will recover costs of suit to be taxed."

The findings therein are fully supported by the proofs submitted. We adopt this opinion as our own, and affirm the decree entered pursuant thereto, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.