## OYLER *v.* FENNER.

1. PLEADINGS—MOTION TO DISMISS—TRESPASS—SUFFICIENCY OF DEC-
LARATION.

Where, in action for damages caused by trespass on lands, dec-
laration alleged trespass committed by all of defendants,
stated character thereof, fixed year, and averred damages occa-
sioned to both of plaintiffs, motion to dismiss, on grounds that
declaration did not state joint cause of action in favor of
plaintiffs, nor against defendants, and did not fix time of
alleged trespass, *held*, without merit.

2. SAME—RULES SHOULD BE EMPLOYED FOR OBTAINING MORE SPECIFIC
INFORMATION.

If, in action for damages caused by trespass on lands, defendants
desired more specific information, rules for obtaining same
should have been employed rather than motion to dismiss.

3. DAMAGES—EXCESSIVE DAMAGES.

Where damages awarded for trespass on lands are within range
of testimony, Supreme Court does not feel called upon to make
reassessment, on appeal.

4. TRESPASS—POSSESSION—TITLE TO LAND.

That plaintiffs, although in possession, were not living on prem-
ises year of trespass thereon, and that their title, afterward
validated by court decree, was in litigation, *held*, not of con-
trolling moment in action for damages for said trespass.

5. SAME—JOINT LIABILITY FOR JOINT TRESPASS.

Where all three defendants committed trespass by turning cattle
on plaintiffs' lands, whether cattle were owned by only one
defendant, *held*, not of controlling moment upon joint liability
of other two, since all three joined in committing trespass.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted June 8, 1933. (Docket No. 56, Calendar
No. 36,955.)   Decided October 2, 1933.

Case by Charles L. Oyler and another against Charles Fenner and others for damages occasioned by trespass on plaintiffs' land. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Cross, Foote & Sessions,* for plaintiffs.

*Alexis J. Rogoski* and *John A. McLaughlin,* for defendants.

WIEST, J. In *Oyler v. Fenner,* 253 Mich. 417, we affirmed a decree of the circuit court granting plaintiffs specific performance of an oral land contract, involving the premises in the suit at bar.

This action at law was brought by the vendees in the mentioned oral land contract to recover damages for trespass, claimed to have been committed by defendants in turning cattle upon the premises, to the injury and destruction of peach, plum, and pear trees, grape vines, red raspberries, strawberries, black caps, currant bushes, shrubbery, flower beds, chestnut trees and seedlings, growing thereon. Defendants have appealed from a joint judgment against them for the sum of $705. In the circuit court defendants moved to dismiss on the grounds that the declaration did not state a joint cause of action in favor of plaintiffs, nor against the defendants, and did not fix the time of the alleged trespass. The motion was without merit.

The declaration alleged a trespass committed by the three defendants, stated the character thereof, fixed the year, and averred damages occasioned to both plaintiffs. If defendants desired more specific information the rules for obtaining the same should have been employed.

It is claimed that the damages awarded were excessive. The damages are within the range of testi-

mony and we do not feel called upon to make reassessment.

At the time of the trespass, plaintiffs were in possession of the premises under a partly-performed verbal contract to purchase, later validated by court decree. That plaintiffs were not living upon the premises the year of the trespass and that their title was in litigation became of no moment upon the mentioned validation but probably explains, to some extent, the invasion committed.

The three defendants turned the cattle upon the premises. The damages assessed by the court were occasioned by such cattle. Title to the premises was in litigation, and defendants evidently were of the opinion that plaintiffs had no rights they were bound to respect. Plaintiff Elizabeth Oyler is a sister of defendants.

Whether the cattle were owned by Charles Fenner alone was not of controlling moment upon the joint liability of William and George, for all three defendants joined in committing the trespass.

The judgment is affirmed, with costs to plaintiffs.

McDonald, C. J., and Potter, Sharpe, North, Fead, and Butzel, JJ., concurred. Clark, J., took no part in this decision.