SILVESTER *v.* SNOW.

1. ESTATES—VESTING.
   Vesting of estates is favored by Michigan law.

2. WILLS—CONSTRUCTION OF BEQUEST—LIABILITY OF HOLDER OF POS-
   SESSORY INTEREST FOR REPAIRS, MAINTENANCE, TAXES, SPECIAL AS-
   SESSMENTS, INSURANCE.
   > Testamentary bequest whereby plaintiff received use and occu-
   > pation of premises for a period of 10 years after testator's
   > death, with a vested remainder thereafter provided she had
   > not remarried during the 10-year period, in which case or if
   > plaintiff predeceased testator, the property was to go to tes-
   > tator's daughter, is construed as obligating plaintiff, who re-
   > ceives all of the benefits from the property and has a vested
   > remainder in fee subject to complete ·defeasance in plaintiff
   > with an executory interest in testator's daughter, to be re-
   > sponsible for repairs, maintenance, taxes, special assessments,
   > and insurance premiums for the duration of her possessory
   > interest in the premises, rather than imposing such obligation
   > upon testator's widow, the residuary legatee.

Appeal from Calhoun; Magnotta (Alfonso A.), J.
Submitted May 6, 1964. (Calendar No. 53, Docket
No. 50,008.) Decided July 8, 1964.

Petition by Frances S. Silvester against Esther
W. Snow, individually and as executrix of the estate
of Russell Snow, deceased, and others for declara-
tory decree to the effect that taxes and maintenance
on devised property be paid from trust funds.

REFERENCES FOR POINTS IN HEADNOTES
[1] 19 Am Jur, Estates § 65.
[2] 57 Am Jur, Wills § 1503 *et seq.*

Decree for defendants. Plaintiff appeals. Affirmed.

*Wagner & Greene (J. Addington Wagner,* of counsel), for plaintiff.

*Vandervoort, McFee, Christ & Carpenter (Robert D. McFee,* of counsel), for defendants.

KELLY, J.    Testator Russell Snow died May 29, 1960, leaving a will dated February 19, 1955. Attached to the will was a codicil dated July 13, 1955. Both the will and codicil were admitted to probate on June 9, 1960, and Esther W. Snow (widow) was named executrix, and subsequently qualified as such.

Paragraph 6 of the will gave, devised, and bequeathed 25% of the residue of testator's estate to the Security National Bank of Battle Creek, in trust, to be held, administered, and disposed of for the use and benefit of Nancy Murtella Secules, testator's daughter; and paragraph 7 of the will gave, devised, and bequeathed the balance of such residue to the same bank, in trust, to be held, administered, and disposed of for the use and benefit of Esther W. Snow, widow of the testator.

Paragraph 1 of the codicil provided:

"I give, devise and bequeath to Frances S. Silvester, now residing in the city of Battle Creek, Michigan, all that certain piece or parcel of land situated and being in the city of Battle Creek, county of Calhoun and State of Michigan, and described as follows:

"Lots 186 and 187, Oakdale Addition No. 1 according to the recorded plat thereof for her use and occupation for a period of 10 years after the date of my death, then to her absolutely and forever, provided however, that if she should remarry during

said 10-year period, then I give, devise and bequeath the above described property to my daughter, Nancy Murtella Secules.

"In the event of the death of said Frances S. Silvester prior to my decease, then I give, devise and bequeath said property to my daughter, Nancy Murtella Secules."

Plaintiff Frances S. Silvester has occupied the premises described in the codicil continuously since testator's death and has not remarried.

Defendants refused to pay the 1960, and subsequent, real property taxes on the premises devised to plaintiff, or to provide the necessary fire and extended coverage insurance, maintenance, repairs, and upkeep upon the premises. Thus, plaintiff, of necessity, took care of these obligations, and on May 25, 1961, filed her petition for declaratory decree asking that the court declare the rights and obligations of the respective parties to the controversy.

It was stipulated that the issues presented were solely questions of law and the case was submitted upon pleadings and briefs. The court entered its informal finding to the effect that the residuary trust established by the will was obligated to pay the taxes, insurance, maintenance and repairs on the premises during the 10-year period. A declaratory decree to this effect was prepared by plaintiff and noticed for settlement on June 8, 1962, at which time the court heard arguments of counsel for the respective parties and took the proposed decree under advisement.

On June 14, 1962, the court filed its formal finding reversing its previous position, and on August 6, 1962, entered a declaratory decree stating: ·

"It appearing from the will and codicil of Russell Snow, the testator, who therein devised a certain

parcel of real estate granting plaintiff an interest therein, that to hold that the trust would be responsible for the payment of charges at issue, to-wit: repairs, maintenance, taxes, special assessments and insurance premiums, would mean that the court would be creating an additional bequest for the benefit of plaintiff which was never intended by testator, and that therefore, plaintiff is obligated to pay for said charges, and that none of the defendants should be obligated for said charges; and

"It appearing that plaintiff Frances S. Silvester regardless of whether she has a tenancy for years (10 years) or an estate variously described as a conditional, qualified, base or determinable fee, has benefit of the possession, use and occupancy during the 10-year period, and therefore should be obligated to pay for repairs, maintenance, taxes, special assessments and insurance, and accordingly that defendants are entitled to the relief prayed for in their answer."

Plaintiff appeals, contending that the testator's will created an estate or tenancy for a term of 10 years in plaintiff with alternative contingent remainders in fee in plaintiff and Nancy Murtella Secules. Plaintiff argues that, therefore, the fee is vested in the residuary trusts for the 10-year term (with the result that said trusts must share proportionately the cost of the taxes, insurance, maintenance, et cetera, for the duration of the estate for 10 years) after which it will vest in either the plaintiff or Nancy Murtella Secules.

Defendants in opposition urge that the language created an estate for 10 years in plaintiff with a vested remainder in fee in plaintiff subject to defeasance upon the remarriage of plaintiff and an executory interest in Nancy Murtella Secules, with the result that plaintiff must bear all expenses involved during the initial 10 years.

The only issue involved in this appeal is the proper construction to be given the language used in the codicil to the testator's will. All litigants agree that plaintiff is initially devised an estate for 10 years.[1]

Appellees do not have a present possessory right or any vested interest. Without plaintiff's remarriage, appellees do not receive anything of value from the property. Appellant receives all the benefits from the property and seeks to avoid all normal economic burdens which go with the benefits.

There is nothing in testator's will or codicil which shows any intention to provide to appellant that which she seeks and we agree with the trial court "that to hold that the trust would be responsible for the payment of charges at issue, to-wit: repairs, maintenance, taxes, special assessments, and insurance premiums, would mean that the court would be creating an additional bequest for the benefit of plaintiff which was never intended by testator." Michigan law favors the early vesting of estates.[2]

The language of the codicil, after the bequest of the estate for 10 years, creates a vested remainder in fee subject to complete defeasance in plaintiff with an executory interest in Nancy Murtella Secules.[3] Thus, as holder of the estate for 10 years, as well as the vested remainder in fee, plaintiff is obligated to pay all taxes, insurance and maintenance on the devised premises.

Affirmed. Costs to appellees.

KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

---

[1] CL 1948, § 554.1 (Stat Ann 1957 Rev § 26.1).
[2] 16 Michigan Civil Jurisprudence, Life Estates, Remainders & Reversions, § 9, pp 13–15.
[3] Simes on Future Interests, ch 3, §§ 10, 11.