KRATZE v INDEPENDENT ORDER OF ODDFELLOWS, GARDEN
CITY LODGE NO. 11

Docket No. 126453. Submitted March 20, 1991, at Lansing. Decided
June 18, 1991, at 9:30 A.M. Leave to appeal sought.

David R. Kratze brought an action for trespass in the Wayne
Circuit Court against the Garden City Lodge No. 11 and the
Grand Lodge of Michigan, Independent Order of Oddfellows,
alleging a continuing encroachment on his property by a por-
tion of a building on adjoining property owned by the lodge.
Following a bench trial, the court, Louis F. Simmons, Jr., J.,
ordered the encroachment removed and found the defendants
jointly and severally liable for $797,215.46 in damages. The
defendants appealed.

The Court of Appeals *held:*

1. The trial court clearly erred in imposing liability on the
Grand Lodge for monetary damages arising out of the trespass.
The Grand Lodge's contingent, nonpossessory, and nonvested
right to assume possession and ownership of the property
owned by Lodge No. 11 in the event that Lodge No. 11 becomes
defunct, breaches organizational bylaws, or ceases to be a
member in good standing is an insufficient ground for imposing
liability on the Grand Lodge. Moreover, the Grand Lodge took
no action or position in furtherance of the trespass. Accord-
ingly, the judgment of joint and several liability against the
Grand Lodge must be vacated.

2. The trial court correctly determined that actual damages
incurred, if ascertainable, are the appropriate measure of dam-
ages for a continuing trespass whose harm is reparable. How-
ever, the trial court allowed recovery for costs that did not
legitimately follow from the trespass, and it erred in awarding
the value of lost rental income and lost appreciation of the
plaintiff's proposed apartment building. Damages for lost use of
property may include reasonable rent on the real property
encroached upon, net rental loss where the trespass causes

REFERENCES

Am Jur 2d, Trespass §§ 29, 30, 51, 56.

See the Index to Annotations under Encroachments; Mitigation or
Aggravation of Damages; Trespass.

injury to rental property, and lost profits. These damages are awardable for injury sustained by property existing at the time of the trespass. In this case, however, the trial court's award for lost use encompassed a period before the plaintiff owned his property and included lost rental income from an apartment building that had not yet been built and for more rental units than would be allowed to be built. Remand is required for a new trial with respect to damages.

3. The plaintiff's failure to mitigate damages does not preclude him from recovering damages. The principle of mitigation of damages does not apply in cases involving a continuing trespass.

4. A removal of the encroachment on the plaintiff's property is not barred by the equitable doctrine of unclean hands. The plaintiff's failure to mitigate damages, when he had no duty to do so, and his knowledge of the encroachment before purchasing the property do not establish that he acted inequitably or with bad faith. The trial court correctly ordered the removal of the encroachment.

Affirmed in part, reversed in part, and remanded.

1. TRESPASS — LIABILITY OF NONACTIVE PARTICIPANTS.
    A person who did not actively participate in the commission of a trespass may be held liable as a joint trespasser where that person did something by way of encouragement, advice, or suggestion that led or helped to lead to the commission of the trespass.

2. TRESPASS — CONTINUING TRESPASS — DAMAGES.
    Actual damages, if ascertainable, are the appropriate measure of damages for a continuing trespass whose harm is reparable; such damages include the difference between the value of the land before and after the harm or, where appropriate, the cost of restoration that has been or may be reasonably incurred, and the value of the lost use of the land and discomfort and annoyance to the landowner.

3. TRESPASS — DAMAGES — LOST USE OF PROPERTY.
    Damages for lost use of property upon which a trespass has been committed include reasonable rent on the property encroached upon, net rental loss where the trespass caused injury to rental property, and lost profits.

4. TRESPASS — CONTINUING TRESPASS — DAMAGES — MITIGATION OF DAMAGES.
    A plaintiff in an action for trespass does not have a duty to mitigate damages where the trespass is continuing.

*Weisman, Trogan, Young & Schloss, P.C.* (by *Martin C. Weisman* and *Adam J. Baker*), for the plaintiff.

*Gerald M. Soborowski*, for the defendants.

Before: HOOD, P.J., and JANSEN and G. S. ALLEN,* JJ.

PER CURIAM. Defendants Independent Order of Oddfellows, Garden City Lodge No. 11 and Grand Lodge of Michigan, Independent Order of Oddfellows appeal as of right from a judgment entered in the Wayne Circuit Court following a bench trial, under the terms of which defendants are to remove that portion of a building owned by Lodge No. 11 that encroaches upon land belonging to plaintiff and are to pay to plaintiff $797,215.46 in damages suffered as a result of the encroachment. We reverse in part, affirm in part, and remand for a new trial.

Lodge No. 11 purchased Lots 2911 and 2912 of Folker's Garden City Acres No. 18 in December 1948. Already existing on the lots at the time of their purchase was a building foundation upon which the previous owners had intended to erect a church. Lodge No. 11 instead erected its meeting hall on this foundation.

In September 1985, plaintiff entered into an option agreement to purchase Lots 2901 to 2910 of Folker's Garden City Acres No. 18. This property is adjacent to and abuts the property owned by Lodge No. 11. Plaintiff gave a deposit of $1,000 and agreed to purchase the property for $18,000. He intended to erect multiple-unit dwellings on the property.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Plaintiff caused two surveys of the property to be done. As a result of the first survey, plaintiff received in early 1986 a "schematic" of his property that showed the northeast corner of the building owned by Lodge No. 11 touching plaintiff's property line. A site plan for a sixty-two-unit apartment building was prepared using this schematic and submitted to Garden City for approval on March 27, 1986. A short time later, plaintiff learned, as a result of the second survey, that the northeast corner of the building owned by Lodge No. 11 encroached 1.2 feet onto his property.[1] Nevertheless, in May 1986 plaintiff purchased the property for $18,000 as agreed.

The Garden City Planning Commission approved plaintiff's site plan on August 28, 1986, as submitted, without knowledge of the encroachment.[2] However, as a result of the encroachment, plaintiff was unable to secure title insurance and, without title insurance, to secure financing for his project.

In July, 1987 plaintiff filed the instant action in the Wayne Circuit Court, seeking damages resulting from the encroachment. Following a one-day bench trial, the court ordered the encroachment removed and found Lodge No. 11 and the Grand Lodge jointly and severally liable for damages totalling $797,215.46, exclusive of costs and interest. The instant appeal followed.

I

Defendants argue that the mere fact that the Grand Lodge holds only a contingent, nonposses-

---

[1] This second survey was done because plaintiff had "determined that there could possibly be an encroachment."

[2] The planning commission erroneously approved the number of residential units to be housed in plaintiff's proposed building. The site plan contemplated a structure with sixty-two units. However, density requirements limited the number of units to fifty-six.

sory interest in the land and building owned by Lodge No. 11 is insufficient to support the trial court's imposition of liability for trespass against the Grand Lodge. We agree, but before we can engage in a discussion of the merits of defendants' claim of error, we must first address a preliminary issue raised by plaintiff.

Plaintiff requests that this Court decline consideration of the instant challenge to the trial court's finding of liability against the Grand Lodge because both defendants, through the same counsel, conceded at trial liability for any damages arising out of the encroachment and because neither defendant raised a challenge at trial to the Grand Lodge's status as a defendant. We cannot do that which is requested of us.

Defendants conceded on the record, at the beginning of trial, the existence of the encroachment. Nowhere in the record, however, do we find evidence of an intent on the part of defendants to concede that both the Grand Lodge and Lodge No. 11 held a sufficient interest in Lots 2911 and 2912, or the building thereon, to subject the lodges to joint and several liability. In fact, the record evidences a contrary intent. Defense counsel began his closing argument with a challenge to the authority of the trial court to impose liability on the Grand Lodge where the lodge lacked a possessory interest in the encroaching property. This challenge was addressed briefly by the trial court in its findings on the record. Where an issue has been raised before and addressed by the trial court, the issue has been properly preserved for review by this Court. *Providence Hosp—v Labor Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987). Any confusion with regard to whether defendants' claim has been properly preserved arises from defense counsel's joint representation of the

lodges, his strong identification with his clients, and his frequently imprecise use of the English language, as demonstrated in the record and at oral argument.

We turn now to a discussion of the merits of defendants' claim. It is a well-established principle of law that all persons who instigate, command, encourage, advise, ratify, or condone the commission of a trespass are cotrespassers and are jointly and severally liable as joint tortfeasors. *Kapson v Kubath,* 165 F Supp 542, 551-552 (WD Mich, 1958), and cases cited therein. See also *Oyler v Fenner,* 264 Mich 519, 521; 250 NW 296 (1933). Moreover, in 87 CJS, Trespass, § 32, pp 990-991, it is stated:

> The general rule is that all who wrongfully contribute to the commission of a trespass or assent to its commission or connive therein, or who benefit by it, or who aid, abet, assist, or advise a trespasser in committing a trespass, are equally liable with one who does the act complained of. It is essential, however, that there be some cooperation and concert of action between them. It is not enough that the defendants were present and together at the time the trespass was committed, and, in order to render liable as joint trespassers those who did not actively participate in the commission of the trespass, it must appear that they did something by way of encouragement, advice, or suggestion which led or helped to lead to the commission of the trespass.
>
> Persons ordering or authorizing an act are jointly liable with those who do it. . . . Where the act is done by one for the benefit of another and afterward ratified by him they are joint trespassers. There is no joint trespass where defendant's independent acts contributed to the result or where they cooperated to do a lawful act and in doing it some of them committed a trespass. If all participated in all the acts alleged there can be a joint recovery against all.

In the instant case, the Grand Lodge and Lodge No. 11 are separate corporations existing at different levels of the hierarchical structure of the same fraternal organization. The Grand Lodge exists as the incorporated "parent lodge." Lodge No. 11 is the incorporated subordinate lodge, duly chartered by the Grand Lodge. See MCL 457.321 *et seq.*; MSA 21.1301 *et seq.*; MCL 450.133 *et seq.*; MSA 21.134 *et seq.* The Grand Lodge serves as an executive committee with oversight powers to ensure that Lodge No. 11 and other subordinate lodges like it in Michigan are operating within the constraints of a nonprofit charitable organization. Both corporations are authorized by statute to purchase and hold real property in their separate corporate capacities "for the purpose of erecting a suitable . . . building . . . with convenient rooms for the meetings and use of the fraternity of Odd Fellows." MCL 457.331; MSA 21.1311. See also MCL 450.144; MSA 21.145.

Lodge No. 11 purchased Lots 2911 and 2912 in its corporate capacity and erected on these lots a structure for its use. Under an agreement between Lodge No. 11 and the Grand Lodge, Lodge No. 11 retains control, possession, and ownership of its real property until such time as it becomes defunct, breaches the organization's bylaws, or ceases to be a member in good standing. Should any of these eventualities occur, the Grand Lodge assumes possession and ownership of the property of its subordinate lodge and the property is put to other charitable uses. Clearly, the Grand Lodge has no present possessory right or any vested interest in the property owned by Lodge No. 11. Instead, the Grand Lodge holds but a mere contingent interest. MCL 554.13; MSA 26.13; *Silvester v Snow,* 373 Mich 384; 129 NW2d 382 (1964).

We conclude that the Grand Lodge's contingent

interest in Lots 2911 and 2912 constitutes an insufficient ground upon which to impose liability for trespass. As the law makes clear, in order to be held liable, the Grand Lodge must have taken some action or position in furtherance of the trespass. Here, the record is devoid of any such evidence. Moreover, the testimony of the executive secretary of the Grand Lodge established that the Grand Lodge knew nothing of the trespass until the instant lawsuit brought it to the lodge's attention. On such a record, we can only conclude that the trial court committed clear error in imposing liability on the Grand Lodge for monetary damages arising out of the trespass. Accordingly, that portion of the judgment holding the Grand Lodge jointly and severally liable for monetary damages must be vacated.

II

Lodge No. 11 next argues that reversal is necessary because the trial court employed an incorrect measure of damages. Again, plaintiff requests that we decline consideration of this issue because defendants failed to challenge below the measure advocated by plaintiff and adopted by the trial court.[3] We again decline to do that which is requested of us. Instead, we assay the claimed error to avoid the possibility of a manifestly unjust result being allowed to stand. *Richards v Pierce,* 162 Mich App 308, 316; 412 NW2d 725 (1987).

At the outset, we reject the measure of damages championed by Lodge No. 11 as inappropriate for a case of this nature. That measure, the value of the property without the trespass minus the value

[3] Defendants conceded at oral argument that they had failed to challenge below the measure of damages used by the trial court to arrive at the amount of the judgment.

of the property with the trespass, is appropriately employed in arriving at an amount of a judgment in cases where the trespass results in permanent or irreparable damage to property. *Tillson v Consumers Power Co,* 269 Mich 53, 65-66; 256 NW 801 (1934); 5 Powell, *Law of Real Property,* ¶ 707.3[1][c], pp 64A-61—64A-63. Here, there is no permanent or irreparable damage to plaintiff's property as a result of the acts of Lodge No. 11. Where, as here, the trespass is continuing, and the harm caused is reparable, the appropriate measure of damages is the actual damages incurred, if measurable. Such damages include the difference between the value of the land before the harm and the value after the harm, or where appropriate, the cost of restoration that has been or may be reasonably incurred, and the value of the lost use of the land and discomfort and annoyance to the landowner, 4 Restatement Torts, 2d, § 930, pp 548-551; 5 Powell, *Law of Real Property,* ¶ 707.3[1][c][ii], pp 64A-63—64A-64 and n 27; *Bradley v McIntyre,* 373 SW2d 389, 390 (Tex Civ App, 1963), and reflect adherence to the long-established rule that "where a party commits a trespass he must be held to contemplate all the damages which may legitimately follow from his illegal act." *Allison v Chandler,* 11 Mich 542, 561 (1863).

Our review of the record discloses that the trial court correctly considered the actual damages suffered by plaintiff in arriving at a judgment amount. Our review of the record also reveals, however, that the trial court allowed recovery for costs that may not be properly characterized as "legitimately" following from the trespass. It also awarded some items of damages in excessive amounts.

Specifically, the trial court erred in awarding plaintiff the purchase price of the property and

reimbursement for the payment of property taxes on the property. These costs follow from plaintiff's decision to purchase the property. There is no causal nexus between the encroachment and the costs.

The trial court also erred in awarding plaintiff the costs of the project survey, the engineering report, an additional site plan to restart the project, the engineering necessary to revise the site plan and the additional construction plans. These costs were not incurred as a result of the encroachment, but as a result of plaintiff's own carelessness in rushing to begin his construction project without first undertaking a thorough survey of his property, especially after plaintiff "determined that there could possibly be an encroachment."

Finally, the trial court erred in awarding plaintiff the value of the lost rental income on the six units over and above the fifty-six units plaintiff will be allowed to build. Lodge No. 11 may not be punished for an error committed by Garden City officials, especially in light of the fact that the project would not have been approved by the planning commission had plaintiff informed the commission of the encroachment.

The court did, however, correctly consider the value of the lost use of the land as a measure of damages. Nevertheless, the court erred in its computation of damages under this measure.

Historically, damages for lost use have included a reasonable rent on the real property encroached upon, *Kruvant v 12-22 Woodland Ave Corp,* 138 NJ Super 1; 350 A2d 102 (1975), aff'd 150 NJ Super 503; 376 A2d 188 (1977); 4 Restatement Torts, 2d, Damages, § 929, Comment (d), p 546, and § 931, Comment (b), p 552, net rental loss where the trespass caused injury to rental property, and lost profits. *Tillson, supra* at 67; *Gilbert v Ken-*

*nedy,* 22 Mich 117, 137 (1871). Such damages are awarded as a result of injury sustained by property existing at the time of the trespass. See *Tillson* and *Gilbert, supra.*

Here, the court awarded damages for a period beginning before plaintiff purchased and took possession of the property. This was error. It was also error for the trial court to award damages based on injury to improvements to the property not existing at the time of purchase. Accordingly, we vacate the awards for lost rental income and lost appreciation.

In light of the foregoing, we remand the instant action to the trial court for a new trial with respect to damages. The court may properly award plaintiff the cost of the additional survey of the property owned by Lodge No. 11, as well as the costs incurred by plaintiff and his employees in attempting to resolve the instant matter. These damages are to be awarded in addition to those damages awardable under the measure of damages set forth above by this Court.

III

Lodge No. 11 also argues that plaintiff's failure to mitigate damages should bar plaintiff's recovery of any damages other than nominal damages. We disagree. The principle of mitigation of damages does not apply in cases involving a continuing trespass. *McCullagh v Goodyear Tire & Rubber Co,* 342 Mich 244, 256; 69 NW2d 731 (1955); *Gilbert, supra* at 131-134.

IV

Finally, Lodge No. 11 argues that the equitable doctrine of unclean hands bars the trial court from

ordering the encroachment removed from plaintiff's property.

In *Stachnik v Winkel,* 394 Mich 375, 382; 230 NW2d 529 (1975), our Supreme Court adopted from *Precision Instrument Mfg Co v Automotive Maintenance Machinery Co,* 324 US 806, 814; 65 S Ct 993; 89 L Ed 1381 (1944), the following description of the doctrine:

> "[The clean hands maxim] is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of the court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. This presupposes a refusal on its part to be 'the abettor of iniquity.' *Bein v Heath,* 6 How [47 US] 228, 247 [12 L Ed 416 (1848)]."

Lodge No. 11 argues that plaintiff's hands are unclean because he failed to mitigate damages and because he purchased the property with knowledge of the encroachment. As previously noted, plaintiff owed no duty to mitigate and, therefore, his failure to do so cannot establish that he acted with unclean hands. Moreover, whether plaintiff knew of the encroachment before he purchased the property or discovered it afterward is irrelevant. Either way, because Lodge No. 11 failed to assert and establish any legal right to that portion of plaintiff's property upon which the lodge's building rested, plaintiff has a legal right to require that the encroachment be removed. See *Arnold v Ellis,* 5 Mich App 101, 111; 145 NW2d 822 (1966). This right is not waived solely because plaintiff knew of the encroachment before he purchased his prop-

erty. Consequently, plaintiff's knowledge also fails to establish that he acted with unclean hands. Accordingly, the trial court acted properly in ordering Lodge No. 11 to remove the portion of its building that encroaches on plaintiff's property.

v

In sum, we vacate that portion of the judgment holding the Grand Lodge jointly and severally liable for monetary damages sustained as a result of the trespass. We also vacate the damage award and remand for a new trial on the issue of damages. Damages shall be awarded in a manner consistent with this opinion. Finally, we uphold the order of the trial court requiring the removal of the encroachment.

Affirmed in part, reversed in part, and remanded for a new trial.