HELSEL v MORCOM

Docket No. 181289. Submitted April 16, 1996, at Grand Rapids. Decided September 17, 1996, at 9:25 A M.

Kirt Helsel and others brought an action in the Antrim Circuit Court against Robin Morcom and Karl Grokau after a fire Grokau had set for burning household trash in a steel barrel with a wire-screen cover with ⅜-inch openings spread from Morcom's land to the plaintiffs' adjoining tree farm. Grokau settled the plaintiffs' claim against him by accepting a mediation evaluation. The plaintiffs alleged violations of MCL 320.25; MSA 13.267(5) (now MCL 324.51504; MSA 13A.51504), negligence, respondeat superior, and trespass against Morcom, who lived on her property with Grokau. The court, Thomas G. Power, J., granted summary disposition for Morcom. The plaintiffs appealed.

The Court of Appeals *held*:

1. MCL 320.25(b); MSA 13.267(5)(b) provides that a person shall not "[s]et fire, or cause, or procure the setting on fire of any flammable material on or adjacent to forest land without taking reasonable precautions, both before and after lighting the fire, and at all times thereafter to prevent escape thereof or leave the fire before it is extinguished." Assuming for the purposes of argument that Morcom, who did not participate in trash burning and was not at home on the day of the fire, procured the setting of the fire, the plaintiffs nevertheless failed to raise a genuine issue of fact concerning the precautions taken by Morcom. MCL 320.24; MSA 13.267(4) excludes burning for domestic purposes from its permit requirement, and MCL 320.21(d); MSA 13.267(1)(d) defines "domestic purposes" in part as "any fire within the curtilege of a dwelling where the material being burned is placed in a debris burner constructed of metal or masonry with metal covering device with openings no larger than ¾ of an inch." Also, MCL 320.25; MSA 13.267(5) imposes no duty on one who procures the setting of a fire but is not present at the fire to ensure that the person who sets the fire does not leave it before it is extinguished.

2. The plaintiffs' negligence claim based on Restatement Torts, 2d, § 364 is without merit. The Restatement provides that a possessor of land is subject to liability to others outside the land for phys-

ical harm caused by an artificial condition on the land that the possessor realizes or should realize will involve an unreasonable risk of such harm. The trial court correctly determined that a burn barrel that complies with the mandates of the statute for burning domestic trash does not constitute an unreasonably risky condition.

3. The plaintiffs' claim based on respondeat superior is without merit. An employer may be vicariously liable for the acts of an employee committed within the scope of employment. In this case, however, there is no evidence that Grokau was Morcom's employee.

4. The plaintiffs' claim that Morcom can be held liable under a joint enterprise theory is without merit. A joint enterprise requires that every member have management and control of the enterprise, a right to be heard, and an equal right of control and joint responsibility for decision making and expenses. In this case, there is no evidence that Grokau acted as Morcom's agent, and Morcom did not burn the garbage and was not present when the fire occurred.

5. The plaintiffs' trespass claim against Morcom is without merit. Morcom did not actively participate in the commission of the trespass, nor did she do anything in the way of encouragement, advice, or suggestion that led to the commission of the trespass.

Affirmed.

1. WOODS AND FORESTS — PROTECTION OF FORESTS — FIRES FOR DOMESTIC PURPOSES.

A person takes reasonable precautions and does not violate MCL 320.25(b); MSA 13.267(5)(b), which governs fires set to flammable material on or adjacent to forest land, where the person sets a fire for "domestic purposes," as defined in MCL 320.21(d); MSA 13.267(1)(d).

2. WOODS AND FORESTS — PROTECTION OF FORESTS — FIRES.

MCL 320.25(b); MSA 13.267(5)(b), which governs fires set to flammable material on or adjacent to forest land, imposes a duty not to leave a fire before it is extinguished on those who are present at the fire and also set, caused, or procured the fire; the statute imposes no duty on a person who procures a fire, but is not at the fire, to ensure that the person who sets the fire does not leave it before it is extinguished.

3. WOODS AND FORESTS — PROTECTION OF FORESTS — FIRES FOR DOMESTIC PURPOSES — NEGLIGENCE.

Burning household trash on or adjacent to forest land in the manner prescribed in MCL 320.21(d); MSA 13.267(1)(d) does not constitute

an unreasonably risky condition for which a possessor of land who consents or acquiesces to such burning by a third person may be held liable to others outside the possessor's land for physical harm caused by the burning.

4. MASTER AND SERVANT — RESPONDEAT SUPERIOR.

An employer may be held vicariously liable for the acts of an employee committed within the scope of employment.

5. NEGLIGENCE — JOINT ENTERPRISE.

The rule of joint enterprise in negligence cases is founded on the law of principal and agent; a joint enterprise requires that every member have management and control of the enterprise, a right to be heard, and an equal right of control and joint responsibility for decision making and expenses.

6. TRESPASS — JOINT TRESPASS.

Persons who do not actively participate in the commission of a trespass must do something by way of encouragement, advice, or suggestion that leads to the commission of the trespass in order to render them liable as joint trespassers.

*Fisher & Meyer, P.C.* (by *Charles R. Meyer, III*), for Kirt Helsel, Gary Jones, and Susan Jones.

*Read & Sharp* (by *Michael J. Swogger* and *John W. Sharp*), for Robin Morcom.

Before: McDONALD, P.J., and MARKMAN and C. W. JOHNSON,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting defendant Robin Morcom's motion for summary disposition. We affirm.

Plaintiffs brought the present action to recover for the April 1993 fire damage to their tree farm. Morcom and defendant Karl Grokau lived together on property owned by Morcom that adjoins the tree farm. Morcom and Grokau burned their domestic trash and did so without incident for approximately three years.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Grokau used a fifty-five-gallon steel barrel and wire screen cover with ³/₈-inch openings for this purpose. According to Grokau's deposition, on the day at issue, he used the wire screen cover but left the fire unattended while he went to get additional trash from a barn about sixty feet away and returned to find that the fire had spread out of the barrel. Morcom was not home at the time of the fire and was unaware Grokau even planned to burn trash on that day. Morcom's homeowner's insurer determined that Grokau was not an insured under the policy because he was not a relative.

Plaintiffs filed a four-count complaint against Grokau and Morcom alleging violations of MCL 320.25; MSA 13.267(5),[1] negligence, respondeat superior, and trespass. Grokau settled plaintiffs' claim against him by accepting the mediation evaluation of $30,000. The trial court granted Morcom's motion for summary disposition of all four counts of the complaint.

This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law. *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994).

> MCR 2.116(C)(10) permits summary disposition when, except for the amount of damages, there is no genuine issue concerning any material fact and the moving party is entitled to [judgment] as a matter of law. A court reviewing such a motion must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the

---

[1] This provision was repealed in May 1995. The current provision covering this subject matter is MCL 324.51504; MSA 13A.51504.

opposing party and grant the benefit of any reasonable doubt to the opposing party. [*Id.*]

The main issue on appeal is whether Morcom can be held liable for the fire damage under MCL 320.25; MSA 13.267(5). This Court has addressed the issue of statutory interpretation:

> The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. The first criterion in determining intent is the specific language of the statute. The Legislature is presumed to have intended the meaning it plainly expressed. [*Indenbaum v Michigan Bd of Medicine (After Remand)*, 213 Mich App 263, 270; 539 NW2d 574 (1995) (citations omitted).]

MCL 320.25; MSA 13.267(5) states in pertinent part:

> A person shall not:
>
> \*      \*      \*
>
> (b) Set fire, or cause, or procure the setting on fire of any flammable material on or adjacent to forest land without taking reasonable precautions, both before and after lighting the fire, and at all times thereafter to prevent escape thereof or leave the fire before it is extinguished.

Plaintiffs focus on the "procure" language of the statute and contend that the statute required Morcom both to take reasonable precautions for Grokau's conduct before and after the fire was set and to ensure that he did not leave the fire before it was extinguished. The language of the statute does not bear out this reading.

Initially, we note that it is unclear whether Morcom "procured" the fire at issue. "Procure" is defined as "to obtain by care, effort, or the use of special means" or "to bring about, especially by complicated or indi-

rect means." *Random House Webster's College Dictionary* (1992). The documentary evidence indicates that Morcom agreed to the practice of burning trash but did not herself participate in trash burning and was not home at the time of the trash burning (or fire) at issue. While Morcom presumably benefited from the burning of trash and agreed to the practice in general, we are uncertain whether she may be fairly viewed as having "procured" the fire at issue where she was neither present at the fire nor even aware that Grokau planned to burn trash that day. The above definitions of "procure" require active efforts to bring about an end and do not appear to reach mere consent to a general practice or receipt of benefit therefrom. If Morcom did not "procure" the fire at issue, then the statute would clearly not apply to her. However, we will assume, arguendo, that Morcom "procured" the fire at issue by agreeing to the household practice of burning trash.

The statute states that a person shall not set, cause, or procure a fire "without taking reasonable precautions . . . to prevent escape thereof" or "leave the fire before it is extinguished." It thus articulates three situations in which one must use "reasonable precautions" and prohibits a fourth activity—leaving a fire before it is extinguished.

With respect to "reasonable precautions," other provisions of the act provide guidance. MCL 320.24; MSA 13.267(4) excludes burning for "domestic purposes" from its permit requirement. MCL 320.21(d); MSA 13.267(1)(d) defines "domestic purposes":

> "Domestic purposes" means any fire within the curtilage of a dwelling where the material being burned has been properly placed in a debris burner constructed of metal or

masonry with metal covering device with openings no
larger than ¾ of an inch, or a campfire, or any fire within a
building.

Here, the documentary evidence indicates that the
fire at issue started from a fire for "domestic pur-
poses" according to this definition. The documentary
evidence also indicates that the burn barrel and
screen cover used by Grokau met the statutory
requirements for fires for domestic purposes. Further,
there was no indication of problems in the three
years Grokau burned trash in the barrel before the
incident at issue. Accordingly, Morcom was not on
notice of problems with the equipment or procedure
Grokau used to burn the domestic trash. The trial
court appropriately determined that plaintiffs failed to
raise a genuine factual issue indicating that Morcom
failed to take reasonable precautions in procuring the
burning of trash.

The "leave the fire before it is extinguished" provi-
sion appears to be a specific example of behavior that
would not constitute "reasonable precautions" with
respect to a fire. However, contrary to plaintiffs' con-
tention, the statute imposes no duty on an absent
"procurer" of a fire to *ensure* that the person who
sets the fire not leave it before it is extinguished. Log-
ically, one who is not present at a fire cannot "leave"
the fire. Thus, the statute only imposes a duty not to
leave a fire before it is extinguished on those present
who set, cause, or procure the fire. Accordingly,
because Morcom was not present, she cannot be held
liable under the statute for Grokau's leaving of the
fire before it was extinguished. For these reasons, the
trial court properly granted Morcom's summary dispo-
sition motion regarding the statutory violation count.

Plaintiffs' negligence theory against Morcom was based on 2 Restatement Torts, 2d, § 364, pp 259-260, which states in pertinent part:

> A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm, if
>
> *          *          *
>
> (b) the condition is created by a third person with the possessor's consent or acquiescence while the land is in his possession.

We agree with the trial court's determination that a burn barrel that complies with the mandates of the statute for burning domestic trash does not constitute an unreasonably risky condition. It appropriately found no violation of this provision of the Restatement and therefore properly granted Morcom's summary disposition motion regarding the negligence count.

Plaintiffs' respondent superior count also fails. Under the doctrine of respondeat superior, an employer may be vicariously liable for the acts of an employee committed within the scope of his employment. *Linebaugh v Sheraton Michigan Corp*, 198 Mich App 335, 343; 497 NW2d 585 (1993). Here, the trial court properly determined that there was no evidence of an employment relationship between Morcom and Grokau sufficient to invoke respondeat superior. Plaintiffs also sought to hold Morcom liable under a joint enterprise theory. "The rule of joint enterprise in negligence cases is founded on the law of principal and agent." *Brown v Jones*, 200 Mich App

212, 218; 503 NW2d 735 (1993). A joint enterprise requires that every member have management and control of the enterprise, a right to be heard, and an equal right of control and joint responsibility for decision making and expenses. *Id.* at 218-219. Here, there was no evidence that Grokau was acting as Morcom's agent in burning the trash. The evidence indicated that Morcom did not burn garbage and was not present when the fire at issue occurred. Accordingly, she did not have an "equal right" to control the fire at issue. The trial court appropriately concluded that joint enterprise liability was inapplicable here.[2] Plaintiffs also failed to provide authority to support their contention that Morcom, as a landowner, would be vicariously liable for Grokau's negligence. Thus, the trial court appropriately granted Morcom's summary disposition motion regarding the respondeat superior count.

Finally, plaintiffs' trespass theory fails. Generally, all who wrongfully contribute to the commission of a trespass are equally liable with the person committing the act complained of. *Kratze v Independent Order of Oddfellows, Garden City Lodge No 11*, 190 Mich App 38, 43; 475 NW2d 405 (1991), aff'd in part and rev'd in part on other grounds 442 Mich 136; 500 NW2d 115 (1993), citing 87 CJS, Trespass, § 32, pp 990-991. Persons who do not actively participate in the commission of the trespass must do "something by way of encouragement, advice, or suggestion" that leads to

---

[2] The trial court arrived at the correct conclusion but focused on whether there was a joint enterprise for an economic purpose. This Court will not reverse a trial court decision when the trial court reaches the right result. *In re Condemnation of Land*, 211 Mich App 688, 692; 536 NW2d 598 (1995).

the commission of the trespass in order to render them liable as joint trespassers. *Id.* "There is no joint trespass where defendant's independent acts contributed to the result or where they cooperated to do a lawful act and in doing it some of them committed a trespass." *Id.* Here, the evidence indicated that any trespass resulted from Grokau's independent acts and that Morcom did nothing to encourage or contribute to a trespass. Accordingly, the trial court properly granted Morcom's summary disposition motion regarding plaintiffs' trespass count.[3]

For these reasons, we affirm the order granting Morcom's summary disposition motion.

Affirmed.

---

[3] The trial court focused on whether there was any intent to burn plaintiffs' trees. However, this Court will not reverse a trial court decision when the trial court reaches the right result. *In re Condemnation of Land, supra.*