*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EESAM ARABBO and SALWA ARABBO,

        Plaintiffs/Counterdefendants-
        Appellants,

v

ESTATE OF ROBERT WEST, by HEATHER
MAIN, Personal Representative, and HANNELORE
WEST,

        Defendants/Counterplaintiffs-
        Appellees.

UNPUBLISHED
January 21, 2021

No. 350377
Sanilac Circuit Court
LC No. 17-037024-CZ

Before: JANSEN, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

In this negligence, nuisance, and trespass action, plaintiffs/counterdefendants appeal as of right the trial court's order granting defendants/counterplaintiffs' motion for a directed verdict and dismissing plaintiffs' complaint with prejudice. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns two parcels of property that abut Lake Huron. In 1989, Hannelore West and her since-deceased husband, Robert West, purchased 1081 South Lakeshore. In 2016, plaintiffs purchased the adjacent property to the south at 1095 South Lakeshore. Plaintiffs' "main home" is a red cottage that has stairs leading to a boathouse near the lake. There is also a white cottage on plaintiffs' property by the road. The area between the parties' properties is sloped.

In May or June 2016, the Wests hired a company named Timberwolf to cut down greenery on their property because their realtor suggested it would increase the resale value of the property by allowing potential buyers to view the lake from the living room. In October 2016, Matthew Sheridan surveyed defendants' property and placed survey stakes from the top to the bottom of the hill along with string to connect the stakes. According to Mr. West's *de benne esse* deposition, Mr. Arabbo removed all but one stake.

In October 2017, plaintiffs had Thomas E. Jacques inspect their property and had Weston Jerome Bloedel III inspect the stairs leading to the boathouse. Using defendants' survey, Jacques estimated that the area cut was 1,500 to 2,000 square feet and that 750 square feet of that area was on plaintiffs' property. In particular, Jacques concluded that one "freshly cut" tree and several shrubs were cut in this area. Bloedell observed that there was not only damage to the stairs, but also the foundation posts. Bloedell believed that the damage to the foundation posts was caused by water. He was not sure when the damage began but suggested that the damage occurred over several years.

Plaintiffs filed a complaint, alleging trespass.[1] Plaintiffs later filed an amended complaint adding claims of negligence and nuisance. Plaintiffs alleged that in the process of cutting the greenery, trees and bushes were also removed on their property. Plaintiffs argued that the cutting of the greenery increased the surface-water runoff running from defendants' property, causing damage to the stairs of the red cottage and damage to the foundation of the white cottage.

After a two-day jury trial, at the conclusion of the presentation of evidence, defendants' counsel moved for a directed verdict on all claims. Defendants' counsel argued that defendants could not be held liable for Timberwolf's negligence and that plaintiffs failed to establish a boundary line. The trial court granted defendants' motion on all claims on the basis that no evidence had been presented establishing the boundary line between the parties' properties. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for directed verdict. *Nahshal v Fremont Ins Co*, 324 Mich App 696, 718; 922 NW2d 662 (2018). A party may move for a directed verdict at the close of the nonmoving party's evidence. *Anaya v Betten Chevrolet, Inc*, 330 Mich App 210, 216; 946 NW2d 560 (2019). The party moving for a directed verdict must state the specific grounds in support of the motion. *Id*., citing MCR 2.516. "A party is entitled to a directed verdict if the evidence, when viewed in the light most favorable to the nonmoving party, fails to establish a claim as a matter of law." *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 497 Mich 337, 345; 871 NW2d 136 (2015). "A directed verdict is appropriate only when no factual question exists upon which reasonable minds could differ." *Anaya*, 330 Mich App at 215. "If reasonable persons, after reviewing the evidence in the light most favorable to the nonmoving party, could honestly reach different conclusions about whether the nonmoving party established his or her claim, then the question is for the jury." *Taylor v Kent Radiology, PC*, 286 Mich App 490, 500; 780 NW2d 900 (2009).

## III. ANALYSIS

Plaintiffs argue that the trial court erred by granting defendants' motion for a directed verdict because defendants' survey established the boundary line between the parties' properties. While a directed verdict was proper as to plaintiffs' claims of negligence and nuisance, we conclude that a directed verdict was improper as to plaintiffs' claim of trespass. Indeed, the trial

---

[1] Defendants filed a counterclaim of trespass, which was later withdrawn.

court erred by granting defendants' motion for a directed verdict on the basis that no evidence had been presented to establish the boundary line between the parties' properties because, as plaintiffs argue, defendants' survey established the boundary line between the parties' properties.

Nevertheless, plaintiffs are not entitled to relief with respect to their claim of negligence. Generally, with certain exceptions not relevant here, a property owner is not liable for the negligence of an independent contractor. *DeShambo v Nielsen*, 471 Mich 27, 31; 684 NW2d 332 (2004). Although the trial court erred by granting defendants' motion for a directed verdict on plaintiffs' claim of negligence on the stated basis that there was no evidence of a boundary line, this error was harmless because plaintiffs nevertheless failed to establish their claim of negligence as a matter of law. *Aroma Wines & Equip, Inc*, 497 Mich at 345.

Similarly, plaintiffs are not entitled to relief with respect to the trial court's decision to grant defendants' motion for a directed verdict as to their claim of nuisance. "Claims of trespass and nuisance include overlapping concepts and are difficult to distinguish. Trespass is an invasion of the plaintiff's interest in the exclusive possession of his land, while nuisance is an interference with his use and enjoyment of it." *Terlecki v Stewart*, 278 Mich App 644, 653-654; 754 NW2d 899 (2008). In Michigan, trespass to land requires "proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession." *Boylan v Fifty Eight LLC*, 289 Mich App 709, 723; 808 NW2d 277 (2010) (quotation marks and citation omitted). A direct or immediate invasion "is one that is accomplished by any means that the offender knew or reasonably should have known would result in the physical invasion of the plaintiff's land." *Id*. (quotation marks and citation omitted). "Surface-water diversion may effect an intrusion onto land." *Id*.

With respect to private nuisance, this Court has stated:

> An actor is subject to liability for private nuisance for a nontrespassory invasion of another's interest in the private use and enjoyment of land if (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. [*Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 193; 540 NW2d 297 (1995) (quotation marks and citation omitted).]

In this case, plaintiffs alleged that the cutting of the greenery and the corresponding excess surface-water runoff constituted a trespass *and* a nuisance. The cutting of the greenery is not actionable in nuisance, which requires a nontrespassory invasion. *Id*. Excess surface-water runoff is also not actionable in nuisance for this same reason. See *Wiggins v City of Burton*, 291 Mich App 532, 566-567; 805 NW2d 517 (2011) (holding that excess surface-water runoff may be actionable in trespass, but not nuisance). Because plaintiffs rely solely on trespassory invasions of their property, their claim of nuisance fails as a matter of law. *Aroma Wines & Equip, Inc*, 497 Mich at 345.

Although the trial court's decision to grant defendants' motion for a directed verdict as to plaintiffs' claims of negligence and nuisance was harmless, it was not harmless as to plaintiffs' claim of trespass. This Court has stated:

> Generally, all who wrongfully contribute to the commission of a trespass are equally liable with the person committing the act complained of. Persons who do not actively participate in the commission of the trespass must do something by way of encouragement, advice, or suggestion that leads to the commission of the trespass in order to render them liable as joint trespassers. There is no joint trespass where defendant's independent acts contributed to the result or where they cooperated to do a lawful act and in doing it some of them committed a trespass. [*Helsel v Morcom*, 219 Mich App 14, 22-23; 555 NW2d 852 (1996).]

In this case, although the Wests did not cut down the greenery, Mr. West hired Timberwolf and authorized the cutting of the greenery to increase the resale value of his property. As previously concluded, defendants' survey established the boundary line between the parties' properties. Mr. West testified that none of the greenery removed was on plaintiffs' property, while Jacques testified that approximately 750 square feet of the greenery was cut on plaintiffs' property. Therefore, there was a factual dispute as to whether a trespass occurred and whether defendants could be liable for that trespass.

Additionally, there was a factual dispute as to whether the surface water could constitute an actionable trespass. A plaintiff is required to accept the surface-water runoff that naturally flows from neighboring dominant estates. *Wiggins*, 291 Mich App at 565. However, "a defendant's unauthorized act of causing excess waters to flow onto another person's property constitutes a trespass." *Id*. at 566. In this case, Mr. Arabbo testified that he did not notice water flowing from defendants' property to his property until the greenery was removed. Jacques testified that vegetation slows the flow of water and therefore causes less erosion. Jacques noticed erosion at the bottom of the hill, which was "where the water would have picked up speed." Bloedell testified that there was not only damage to the stairs leading to the boathouse, but also to the foundation posts. Although Bloedell suggested that the damage began well before the greenery was removed, that is not to say that the removal of the greenery did not contribute to the damage. On the basis of this testimony, we conclude that there was a disputed fact as to whether the cutting of the greenery materially increased the natural water flow that went onto plaintiffs' property. If the jury determined that the Wests contributed to the commission of the trespass, i.e., the cutting of the greenery, and that this trespass materially increased the natural flow of water that went onto plaintiffs' property, plaintiffs would be entitled to at least nominal damages for the surface-water runoff. See *id*. at 566-567.

Additionally, we remand this case to a different trial judge. MCR 7.216(A)(7). Where the original trial judge erroneously overlooked record evidence of a survey that established a boundary line between the parties' properties, the same judge would likely have difficulty putting aside his previously expressed findings, and therefore a new judge should hear these proceedings on remand. *Bayati v Bayati*, 264 Mich App 595, 603; 691 NW2d 812 (2004).

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Riordan