INGALLS HORTON v. DANIEL R. SULLIVAN.

*Surface water—Obstruction of flow.*

This case is ruled by *Gregory v. Bush,* 64 Mich. 37, and *Leidlein Meyer,* 95 Id. 586, where the principles of law involved are thoroughly discussed and determined.

Error to Gratiot. (Daboll, J.) Argued June 7 and 8, 1893. Decided October 27, 1893.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*W. A. Bahlke* and *B. H. Sawyer,* for appellant.

*George P. Stone* and *John T. Mathews,* for plaintiff.

GRANT, J. Plaintiff sued defendant in justice's court for the unlawful obstruction of the natural water-course from his land over that of defendant. The case was appealed to the circuit court, where plaintiff recovered verdict and judgment for one dollar.

Plaintiff and defendant are the owners of farms separated by a public highway, plaintiff owning the upper estate. There is no well-defined stream or water-course, but it is conceded that the natural flow of the water from rains and melting snows is from the plaintiff's over the defendant's land, through a culvert which was constructed many years ago, when the highway was made. Aside from the question of damages, the two principal questions for determination were: (1) Did the defendant unlawfully obstruct the natural flow of water? and (2) did plaintiff increase the natural flow of the water by means of blind drains and open ditches?

The circuit judge carefully guarded the defendant's rights in the admission of evidence, and in his instructions to the jury. He very clearly instructed the jury that plaintiff had no right to construct and maintain open ditches and drains, which would collect the water from his premises, ponds, sag-holes, or pools, and cast it in unusual quantities upon defendant's land, and, if they should find that he had so done, that he could not recover. He also instructed them that the defendant had a right, in the interest of good husbandry, to fill in the cuts, sag-holes, washes, and other holes in his premises, and, if. they should find that he had done in this regard no more than was necessary and desirable for the proper cultivation and tillage of his land, plaintiff could not recover.

The principles of law involved in this case have been thoroughly discussed and determined in the former decisions of this Court. *Gregory v. Bush,* 64 Mich. 37; *Leidlein v. Meyer,* 95 Id. 586. The situation of the land and the

facts in this case are similar to those in *Leidlein v. Meyer*, so far as the natural flow of the water is concerned. It is therefore unnecessary, and would be profitless, to enter into a full statement of the facts, or a discussion of the legal questions involved. We have carefully examined the record, and find no error.

Judgment affirmed.

The other Justices concurred.