PERRY v. REED.

WATERS AND WATERCOURSES—SURFACE WATERS — INJUNCTION — EVIDENCE—SUFFICIENCY.

> On a bill to enjoin the casting of water on complainant's land by means of tile drains, evidence examined, and *held*, insufficient to entitle complainant to relief.

Appeal from Shiawassee; Smith, J. Submitted November 15, 1906. (Docket No. 89.) Decided February 5, 1907.

Bill by Ephraim Perry against Hiram Reed and Finley Reed to enjoin the casting of water upon complainant's land. From a decree dismissing the bill, complainant appeals. Affirmed.

*Watson & Chapman*, for complainant.

*Albert L. Chandler*, for defendants.

MOORE, J. The complainant has a farm of 80 acres lying directly east of a 40 acres which complainant claims is owned by defendants. The bill is filed to enjoin defendants from throwing water by means of tile drains upon the land of complainant. The proofs were taken in open court. The trial judge was of the opinion that, if complainant had any grievance against defendants, he had an adequate remedy at law, and dismissed the bill of complaint without prejudice, and decreed that each party should pay its own solicitors and witnesses and should pay one-half the clerk's and stenographer's fees.

The complainant has brought the case here by appeal, claiming it was the duty of the judge to enjoin the defendants and to assess the complainant's damages. We cite from the brief of counsel:

"The law is well settled in this State that a landowner cannot by artificial drains or ditches collect water from natural receptacles and cast them in a body upon the land of an adjoining owner. *Gregory* v. *Bush,* 64 Mich. 37; *Leidlein* v. *Meyer,* 95 Mich. 586; *Horton* v. *Sullivan,* 97 Mich. 282; *Cranson* v. *Snyder,* 137 Mich. 340.

"It is equally well settled that where one person does damage to another by flooding his lands that the party aggrieved may enjoin him by a decree in chancery, and in the same case have damages assessed for his injury. *Brown* v. *Gardner,* Har. Ch. (Mich.) 291, at page 299; *Hall* v. *Nester,* 122 Mich. 141; *Beal* v. *Chase,* 31 Mich. 490, at page 535; *Miller* v. *Stepper,* 32 Mich. 194; *Chase* v. *Boughton,* 93 Mich. 285; *George* v. *Electric Light Co.,* 105 Mich. 1."

The defendants did not appeal.

There can be no serious difference of opinion as to the legal propositions. The important question is whether complainant has brought himself within these cases. Finley Reed is the son of Hiram Reed. The sister of the complainant, Ephraim Perry, married Finley Reed some-

thing more than nine years ago. The parties were all friendly until in May, 1904. One of the drains about which complaint is made was built 17 years before the trial of the case, complainant having full knowledge of the intention to build it. His claim is that it has been extended. This is denied by defendants. The other drain was built 14 years ago. The complainant admits he was consulted about the building of the drain and consented thereto, but says he did not consent to the building of so long a drain as was built. The defendants insist that he was taken upon the ground and shown just what it was proposed to do, and consented that the drain might be put in and maintained as long as his land remained a wood lot, and that it is still a wood lot. It is fairly well established by the record that complainant drained some of his land upon the land of defendants; the water thus drained being taken care of by the first-named drain.

It is the further claim of defendants that at the time this suit was brought they had removed tiles from each of these drains, so that no water escaped from them to the premises of complainant. The record also shows that within a few days after this proceeding was begun defendants began to change the drains, and complainant admits that before the trial the change had been so completed, that no water came from defendants' premises to his. The testimony is conflicting. Some of the conflict can be explained by the fact that some of the witnesses were testifying to the situation when the conditions were normal, while others testified to the situation while the March floods were on.

A careful reading of the entire record does not satisfy us that the complainant has brought himself within the cases cited by his counsel. We do not think he has any valid reason to complain of the decree.

It is affirmed, with costs of this court.

CARPENTER, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.