*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GEORGIA MURRAY,

Plaintiff-Appellant,

UNPUBLISHED
March 30, 2023

v

No. 359778
Oakland Circuit Court
LC No. 2020-184745-CZ

TRINITY HEALTH MICHIGAN, doing business as
ST. JOSEPH MERCY OAKLAND,

Defendant-Appellee.

Before: CAVANAGH, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Plaintiff, who lives next to defendant's hospital in Pontiac, brought this action for trespass and nuisance related to defendant's use of a helipad at its hospital for helicopters to transport patients to and from the hospital. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(7) (statute of limitations) and MCR 2.116(C)(10) (no genuine issue of material fact). Plaintiff appeals as of right, and for the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In 2010, plaintiff purchased property next to defendant's hospital. At that time, the hospital had a helipad near plaintiff's property that helicopters used to transport patients to and from the hospital. Plaintiff constructed a new home on her property in 2012, and she moved into the home in 2016. Plaintiff testified that in the spring of 2017, she realized that her backyard was adjacent to the helipad and at that time she became aware that it was interfering with the use and enjoyment of her property. Plaintiff filed this action for trespass and nuisance in November 2020, alleging that she has been unable to enjoy and fully use her home due to the noise, wind, fumes, and other conditions created by the helicopter traffic, which has also invaded the physical airspace above her property.

Defendant moved for summary disposition on the grounds that (1) plaintiff's claims were barred by the applicable three-year period of limitations; (2) plaintiff could not prove nuisance due to the lack of evidence of any significant harm to plaintiff; (3) plaintiff purchased her property

years after the helipad had been in existence, and she had already been compensated for any inconvenience by purchasing her home at a reduced price, and (4) there was no support for her trespass claim because defendant was not responsible for physically invading her property, and there was no evidence of an intent to trespass. In support of its motion, defendant relied on portions of plaintiff's deposition testimony and submitted an affidavit from its director of security, Tim Atkins, who averred that between 2016 and 2020, there had been an average of 26 helicopter flights from the helipad each year, with eight to nine of those flights occurring after 11:00 p.m. Atkins also stated that defendant had no control over the helicopters or pilots, and the flights were regulated by governmental agencies. In response to the motion, plaintiff produced a map showing the location of her property in conjunction with the helipad and an appraisal report for her property. The trial court granted defendant's motion for the reasons argued by defendant.[1]

## II. ANALYSIS

A trial court's decision on a motion for summary disposition is review de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Defendant moved for summary disposition under MCR 2.116(C)(7) and (10). Summary disposition of a claim may be granted under MCR 2.116(C)(7) if the claim is barred by the statute of limitations. A motion under MCR 2.116(C)(7) is reviewed as follows:

> A defendant who files a motion for summary disposition under MCR 2.116(C)(7) may (but is not required to) file supportive material such as affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3); *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994). If such documentation is submitted, the court must consider it. MCR 2.116(G)(5). If no such documentation is submitted, the court must review the plaintiff's complaint, accepting its well-pleaded allegations as true and construing them in a light most

---

[1] It is unclear from the record if the trial court had any of its own reasons for granting summary disposition. At the conclusion of the hearing the trial court simply stated:

> "The Court's considered the arguments of counsel, the pleadings that have been presented. I'll state this. It's dicta. That the Court refines the wrong word, but in preparation for today, the Court was not 100 percent embracing Defendant's argument, but as the oral argument proceeded and I—the Court grants the Defendant's motion and that's—and I adopt the Defendant's reasons in dicta. You know, it's because of the oral arguments and the refinement, so to speak, for lack of a better word, of the theory from the Defendant and the law as it stands. But I'll just make it simple, and the Court adopts the Defendant's reasons and that's the ruling of the Court. Thank you, gentlemen."

The trial court then entered a final order on December 23, 2021, granting summary disposition for defendant for the reasons "set forth in Defendant's motion and supporting briefs, and as stated on the record." That is the extent of the trial court's analysis on defendant's motion for summary disposition.

favorable to the plaintiff. [*Turner v Mercy Hosps & Health Servs of Detroit,* 210 Mich App 345, 348; 533 NW2d 365 (1995).]

If the pleadings or other documentary evidence show that there is no genuine issue of material fact, the trial court must decide as a matter of law whether the claim is barred. *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 706; 620 NW2d 319 (2000); see also *City of Novi v Woodson,* 251 Mich App 614, 621; 651 NW2d 448 (2002) ("Absent a disputed issue of fact, this Court decides de novo, as a question of law, whether a cause of action is barred by a statute of limitations.").

A motion under MCR 2.116(C)(10) tests the factual support for a claim. A court must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties, and view that evidence in the light most favorable to the nonmoving party to determine if a genuine issue of material fact exists. MCR 2.116(G)(5); *Maiden v Rozwood,* 461 Mich 109, 118-120; 597 NW2d 817 (1999). Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995). A court may not assess credibility or determine disputed facts when deciding a motion under MCR 2.116(C)(10). *Skinner v Square D Co,* 445 Mich 153, 161; 516 NW2d 475 (1994).

At the outset we note that defendant is correct in its assertion that much of plaintiff's arguments and factual statements, both in the trial court and on appeal, are not supported by the submitted deposition testimony or other documentary evidence.[2] With that in mind, we proceed to address the issues raised by plaintiff, confining our review to record evidence.

MCR 2.116(G)(4) describes the parties' respective burdens where, as here, a motion is brought under MCR 2.116(C)(10):

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

---

[2] On appeal, plaintiff continues to make factual statements that do not contain citations to the factual record, and are not supported by the limited evidence presented in the trial court. "A party is not permitted to enlarge the record on appeal by asserting numerous facts that were not presented at the trial court." *Kent Co Aero Bd v Dep't of State Police*, 239 Mich App 563, 580; 609 NW2d 593 (2000). Accordingly, in reviewing plaintiff's arguments regarding her nuisance and trespass claims, we confine our review to the evidence presented in the trial court, and will disregard any facts not supported by evidence presented in the trial court.

Defendant supported its motion for summary disposition with portions of plaintiff's deposition testimony, an affidavit from its security director, Tim Atkins, and other documentary evidence, including the deed for plaintiff's property and a certificate of occupancy that was issued for plaintiff's house in 2012. Plaintiff's response included multiple statements that she is suffering from health issues caused by exposure to helicopter fumes, but there is no documentary or testimonial support for these assertions. Indeed, defendant responded to plaintiff's unsupported claims by producing a portion of plaintiff's doctor's deposition testimony, in which the doctor denied that exposure to helicopter fumes and odors was a known cause of any of plaintiff's health issues.

Defendant moved for summary disposition in part on the ground that plaintiff's claims were barred by the applicable three-year statute of limitations, and the trial court implicitly agreed.

The limitations period for both nuisance and trespass is three years under MCL 600.5805(1) and (2),[3] which applies to claims involving injuries to a person or property. See *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 279; 769 NW2d 234 (2009). MCL 600.5805 provides, in pertinent part:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

> (2) Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property.

The limitations period begins to run from the time a claim accrues. A "claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. The "wrong" is done when both the act and the injury first occur. *Morse v Colitti*, 317 Mich App 526, 551; 896 NW2d 15 (2016).

According to plaintiff's complaint, the placement of the helipad near her property has unreasonably interfered with the use of her property and caused pilots to physically invade the airspace above her property. At her deposition, she agreed that she became aware of this problem by at least the spring of 2017. She did not file this action until more than three years later on November 19, 2020. Thus, the complaint was filed more than three years after plaintiff's claims for nuisance and trespass accrued.

Plaintiff argues that her claims are not barred by the statute of limitations because the nuisance and trespass involve "continuing wrongs" such that each helicopter flight is a separate and distinct violation, giving rise to a new claim for each occurrence. Case law does not support

---

[3] MCL 600.5805 was amended by 2018 PA 183, effective June 12, 2018. The amendment relocated former Subsection (10) to current Subsection (2), without any substantive changes to that subsection.

plaintiff's arguments as the continuing-wrongs theory was abrogated by our Supreme Court in *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 266, 281-285; 696 NW2d 646 (2005), amended 473 Mich 1205 (2005), an employment discrimination case, because it conflicts with the language in MCL 600.5805(1). Then, in *Froling Trust*, 283 Mich App at 281-282, this Court considered whether *Garg* was limited to employment discrimination cases, or whether it also applied to nuisance and trespass claims. This Court held that *Garg* applies to nuisance and trespass claims. *Froling Trust*, 283 Mich App at 282-286. Thus, under *Froling Trust*, plaintiff cannot rely on a continuing-wrongs theory to extend the limitations period.

Plaintiff argues, however, that our Supreme Court's more recent decision in *Fraser Twp v Haney*, 509 Mich 18; ___ NW2d ___ (2022), has revived the continuing-wrongs doctrine and allows her claims to be considered timely filed because each helicopter flight from defendant's helipad is a separate nuisance or trespass, giving rise to a new cause of action. Again, case law does not support plaintiff's contention. In *Haney*, our Supreme Court held that whether Michigan recognizes the continuing wrong doctrine was irrelevant to its findings, stating:

> Whether Michigan recognizes the continuing-wrongs doctrine has no bearing on a plaintiff's ability to bring an action for claims that accrued within the statutory period of limitations. Thus, Michigan's abrogation of the doctrine is irrelevant to this case because plaintiff does not seek a remedy for violations outside the limitations period. Defendants violate the law as long as they keep hogs on their property, and plaintiff seeks to remedy only violations that occurred within the statutory period of limitations in the form of an injunction *Haney*, 509 Mich at 28-29.

Clearly, our Supreme Court in *Haney* did not address whether the continuing wrong doctrine was viable in Michigan, finding instead, the doctrine was irrelevant to deciding the case. Accordingly, plaintiff's arguments to the contrary fail and we conclude that the trial court properly granted defendant's motion for summary disposition on the basis of the statute of limitations, MCR 2.116(C)(7).

Plaintiff next argues that the trial court erred by dismissing her nuisance claim on the basis that the helipad existed before plaintiff purchased her property and that she "came to the nuisance." For plaintiff to prevail on this argument, she must demonstrate that the trial court relied on it in whole or in part when deciding the motion for summary disposition. Plaintiff has failed to do so as there is nothing to suggest that the trial court dismissed plaintiff's nuisance claim solely for this reason. As previously stated, the trial court did not fully explain its reasons for granting defendant's motion for summary disposition, but it stated that it agreed with defendant's arguments. While defendant acknowledged in its motion that plaintiff's "coming to the nuisance" was a factor to consider in determining whether plaintiff could seek relief, defendant did not argue that plaintiff's "coming to the nuisance" absolutely precluded plaintiff's nuisance claim. Accordingly, the trial court's decision cannot be so viewed and the failure of plaintiff to bring her claims within the statute of limitations would still be fatal to her case.

Plaintiff also argues that the trial court erred by ruling that the evidence did not support her nuisance claim.

In her complaint, plaintiff generally alleged a claim for "nuisance," without identifying it as a private or public nuisance. In her response to defendant's motion for summary disposition, plaintiff only discussed a private nuisance. A private nuisance involves a nontrespassory invasion of another's interest in the private use and enjoyment of land. In *Wolfenbarger v Wright*, 336 Mich App 1, 17; 969 NW2d 518 (2021), this Court, quoting *Adkins*, 440 Mich at 304, observed that a defendant:

> is subject to liability for private nuisance for a nontrespassory invasion of another's interest in the private use and enjoyment of land if (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in *significant harm*[,] (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. (emphasis added).

See also *Terlecki v Stewart*, 278 Mich App 644, 654; 754 NW2d 899 (2008). A nuisance claim differs from a negligence claim in that it concerns a condition of the land, not an act or failure to act. *Wolfenbarger*, 336 Mich App at 18.

Here, plaintiff demonstrated factual support for her claim that a condition on defendant's land, the helipad, has caused a nontrespassory invasion or interference with plaintiff's use and enjoyment of her property because of both noise and fumes produced from helicopter traffic. However, plaintiff failed to present factual support for any finding that the use of the helipad has resulted in *significant* harm. Defendant submitted evidence that there are approximately 26 flights a year, which is slightly more than two a month. Although plaintiff asserts that the flights have increased in frequency, she did not present any evidence of the number of flights, or any evidence to refute defendant's data. Furthermore, while fumes may be produced when the helipad is in use, plaintiff did not produce any evidence that they have lingering effect or significant impact on plaintiff's property. Thus, plaintiff failed to demonstrate factual support for a finding that the helipad is causing significant harm.

Although plaintiff argues on appeal that she can also establish a claim for public nuisance, that theory was not alleged in her complaint or raised in her response to defendant's motion for summary disposition. Plaintiff's failure to raise that theory in the trial court waives the issue on appeal. Under Michigan's "raise or waive" rule, a party's failure to raise an issue in the trial court waives review of that issue on appeal. *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). Regardless, the established facts do not support a public nuisance theory. In *Michigan v McQueen*, 293 Mich App 644, 674; 811 NW2d 513 (2011), aff'd on other grounds 493 Mich 135 (2013), this Court explained:

> A public nuisance is "an unreasonable interference with a common right enjoyed by the general public." *Capitol Props Group, LLC v 1247 Ctr Street, LLC*, 283 Mich App 422, 427; 770 NW2d 105 (2009) (quotation marks and citation omitted). "Unreasonable interference" includes conduct that "(1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or long-lasting significant effect on

-6-

these rights." *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 190; 540 NW2d 297 (1995). Actions in violation of law constitute a public nuisance, and the public is presumed harmed by the violation of a statute enacted to preserve public health, safety, and welfare. *Attorney General v PowerPick Player's Club of Mich, LLC*, 287 Mich App 13, 44; 783 NW2d 515 (2010).

A private citizen may bring an action for public nuisance if he can show he suffered a type of harm different from that of the general public. *Capitol Props Group*, 283 Mich App at 428.

Even if plaintiff can show that the impact of the helipad on her property is different from that to which the general public is exposed, she must still show that there is an unreasonable interference caused by defendant. As discussed earlier, considering the evidence of the limited number of flights each month and the lack of evidence that the flights are of significant duration and plaintiff's failure to present evidence of any harmful effects caused by the flights, she has not established a question of fact whether the normal operation of the helipad constitutes an unreasonable interference with her property. Consequently, the trial court did not err by dismissing plaintiff's nuisance claim under MCR 2.116(C)(10).

Plaintiff also argues that the trial court erred by ruling that the evidence did not support her trespass claim.

"A trespass is an unauthorized invasion upon the private property of another." *D'Andrea v AT&T Mich*, 289 Mich App 70, 73; 795 NW2d 620 (2010). The actor must intend to intrude on the property of another without authorization to do so. If the intrusion was due to negligence or an abnormally dangerous condition, an action for trespass is not proper. *Cloverleaf Car Co*, 213 Mich App at 195; see also *Wolfenbarger*, 336 Mich App at 15 ("the intrusion must have been intentional"). The intrusion must involve some direct invasion by a person or thing. *Adams v Cleveland-Cliffs Iron Co*, 237 Mich App 51, 67; 602 NW2d 215 (1999). In *Adams*, this Court explained:

> Recovery for trespass to land in Michigan is available only upon proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession. Once such an intrusion is proved, the tort has been established, and the plaintiff is presumptively entitled to at least nominal damages. Where the possessor of land is menaced by noise, vibrations, or ambient dust, smoke, soot, or fumes, the possessory interest implicated is that of use and enjoyment, not exclusion, and the vehicle through which a plaintiff normally should seek a remedy is the doctrine of nuisance. [*Id*. at 67.]

As explained earlier, a nuisance is a nontrespassory invasion of another's property rights. *Adkins*, 440 Mich at 306 n 12. In *Wiggins v City of Burton*, 291 Mich App 532, 566-567; 805 NW2d 517 (2011), this Court distinguished between trespass and nuisance, stating:

> If it is determined on remand that the flow of surface water onto the Wiggins parcel *has been materially increased* beyond that which has historically and naturally flowed to it from the dominant estates, this will constitute an independent

trespass to the Wiggins parcel. It is beyond dispute that a defendant's unauthorized act of causing excess waters to flow onto another person's property constitutes a trespass. See *Herro v Chippewa Co Rd Comm'rs*, 368 Mich 263, 265, 272; 118 NW2d 271 (1962); *Davis v Frankenlust Twp*, 118 Mich 494, 496; 76 NW 1045 (1898). This is because the unauthorized flooding of another person's land constitutes "an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession." *Adams*, 237 Mich App at 67. As noted previously, once such an unauthorized intrusion is proved, the tort of trespass has been established, and "the plaintiff is presumptively entitled to at least nominal damages." *Id*. For these same reasons, the flow of excess waters onto the Wiggins parcel will not be actionable in nuisance because water is a physical, tangible object. See *id*.

And as stated earlier, "[i]t is a well-established principle of law that all persons who instigate, command, encourage, advise, ratify, or condone the commission of a trespass are cotrespassers and are jointly and severally liable as joint tortfeasors." *Kratze* [*v Indep Order of Oddfellows*, 190 Mich App 38, 43; 475 NW2d 405 (1991)]. Thus, if it is determined following remand that the flow of surface water onto the Wiggins parcel has been materially increased beyond that which naturally flowed to it from the dominant estates, the Heckmans and Mahlers will be liable for this independent trespass onto the Wiggins parcel, and the Wiggins will be entitled to at least nominal damages from the Heckmans and Mahlers. *Adams*, 237 Mich App at 67. The Wiggins will also be entitled to injunctive relief. *Perry v Reed*, 147 Mich 146, 147; 110 NW 529 (1907) (stating that " '[i]t . . . well settled that where one person does damage to another by flooding his lands . . . the party aggrieved may enjoin him by a decree in chancery, and in the same case have damages assessed for his injury' ") (citation omitted). [Emphasis in original.]

Accordingly, plaintiff cannot rely on the conditions emanating from the helipad alone to prove a trespass, but must prove that defendant is responsible for some direct invasion of her property.

Although plaintiff primarily claimed that the presence of the helipad near her property is a nuisance and that defendant is responsible for the placement of the helipad, the evidence established that the helicopters are not controlled by defendant. There is no basis for holding defendant liable for trespass merely because it owns the helipad. Nothing associated directly with the helipad has invaded plaintiff's property.

To the extent that plaintiff is complaining of how helicopter pilots may maneuver to reach or leave the helipad, note there is no evidence that defendant had control over the helicopters or pilots, or a role in overseeing the flight patterns. Plaintiff did not produce any evidence that defendant is responsible for the flight patterns or pilots using the helipad. Conversely, defendant presented evidence that the helicopter flights are regulated by governmental agencies, not defendant. Accordingly, plaintiff failed to establish a genuine issue of material fact regarding defendant's liability for trespass, and the trial court did not err by dismissing this claim under MCR 2.116(C)(10).

Affirmed.  Defendant having prevailed in full is entitled to costs.  MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Stephen L. Borrello